THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER HARRISON WEST,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:23-cv-00048-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm")[2] motion to dismiss.[3] Based upon the analysis set forth below, the court recommends granting State Farm's motion and dismissing this case with prejudice.

BACKGROUND

In February 2023, pro se Plaintiff Alexander Harrison West ("Mr. West") initiated this case against State Farm in Second District Court in Davis County, Utah.[4] State Farm removed the case to this court on April 20, 2023.[5]

---

[1] ECF No. 8.

[2] State Farm was erroneously named in this action as "State Farm Insurance." ECF No. 3-1 at 11 of 17.

[3] ECF No. 4.

[4] ECF No. 3-1.

[5] ECF No. 3.

In his complaint, Mr. West generally alleges that State Farm wrongfully failed to renew an automobile insurance policy Mr. West previously held with State Farm.[6] More specifically, Mr. West's complaint includes the following allegations:

- "State Farm claims that [he is] a liability[,] and that is false."[7]

- State Farm "took [him] off [the] insurance because multiple claims" were made, which "put [him] in a lot of emotion."[8]

- "How in the heck [is he] a liability when [he had only] one accident in the time that [he] had the insurance," which was his "first one in 16 years."[9]

- He "had claims that were [i]n different years[,] but those were glass claims and towing claims that shouldn't have prevented [him] from having the insurance."[10]

- He was insured by State Farm "for 6 years or more," and "only 5 claims were used in that time."[11]

- He "find[s] it very frustrating that State Farm chose not to" renew his insurance policy[12] and is "very upset [with] how [State Farm] handled the situation."[13]

- A State Farm agent and a State Farm underwriter were "disrespectful" and "rude," and he "will not tolerate that kind of behavior."[14]

- State Farm "upset [him] and hurt [his] feelings," and he "feel[s] like [he] was wronged deeply."[15]

---

[6] *See generally* ECF No. 3-1.

[7] *Id.* at 11 of 17.

[8] *Id.* at 11-12 of 17.

[9] *Id.* at 13 of 17.

[10] *Id.*

[11] *Id.* at 14 of 17.

[12] *Id.*

[13] *Id.* at 14-15 of 17.

[14] *Id.* at 15 of 17.

[15] *Id.*

- Although State Farm "did pay a lot of money to fix [his] car," it was "bad business" and "a bad decision" for State Farm to fail to renew his insurance policy.[16]

- "[F]or State [F]arm to disrespect [him] in regards to [his] insurance and dropping [him] is not good business."[17]

- State Farm based its renewal decision on "false information," and he "find[s] it very sad that these big companies . . . have false information."[18]

- "Underwriting [him] and kicking [him] off [the insurance policy] was not a good choice because [he is] making a huge complaint and [is] asking for money for compensation for having to get new insurance," which "was a huge burden."[19]

- He "feel[s] like State Farm mishandled this matter," and he "want[s] [State Farm] to compensate [him] for all this turmoil."[20]

- He has "a major disability" and suffers from the "chronic disorder [of] autism."[21]

Based upon those allegations, Mr. West seeks "$150,000 in damages because [he has] a major disability that has a lot of stress" and "because it cost [him] time[,] money[,] and stress to find . . . new insurance."[22]

State Farm moves to dismiss this case under Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted.[23] Mr. West opposes State Farm's motion.[24]

---

[16] *Id*. at 13 of 17.

[17] *Id*. at 14 of 17.

[18] *Id*.

[19] *Id*. at 13 of 17.

[20] *Id*. at 15 of 17.

[21] *Id*. at 14 of 17.

[22] *Id*. at 13 of 17.

[23] ECF No. 4.

[24] ECF No. 6; *see also* ECF Nos. 12-13.

3

## LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true the well[-]pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[25] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[26] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[27]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[28] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[30] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on

---

[25] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[27] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[28] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[30] *Id*.

notice of the basis for the claims against it.[31] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[32]

Before dismissing a pro se plaintiff's complaint on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must consider whether to permit the plaintiff to amend his complaint. Indeed, "'dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[33]

In analyzing Mr. West's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[34] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[35] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[36] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

---

[31] *Twombly*, 550 U.S. at 555.

[32] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[33] *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (considering district court's grant of a motion to dismiss under Rule 12(b)(6)) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

[34] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (same).

[35] *Hall*, 935 F.2d at 1110.

[36] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[37]

## ANALYSIS

Even when the court gives Mr. West's complaint a liberal construction, the complaint fails to state claims upon which relief can be granted because it does not satisfy the minimum pleading standards of Rule 8. Additionally, providing Mr. West with leave to amend would be futile because, even if the court assumes the truth of his conclusory allegations, they cannot support the causes of action he appears to assert. Therefore, State Farm's motion to dismiss should be granted, and this case should be dismissed with prejudice.

I.  **Mr. West's Complaint Fails to Satisfy the Minimum Pleading Requirements of Rule 8 and, Therefore, Fails to State Claims Upon Which Relief Can Be Granted.**

Mr. West's complaint does not satisfy the basic requirements of Rule 8. As demonstrated by the above-referenced summary of Mr. West's complaint, his allegations are almost exclusively conclusory in nature, and, consequently, the court is not required to accept those allegations as true when considering State Farm's motion to dismiss.[38] Further, because Mr. West fails to include any well-pleaded factual allegations, his complaint fails to satisfy another requirement of

---

[37] *Hall*, 935 F.2d at 1110 (citations omitted).
[38] *Iqbal*, 556 U.S. at 678; *Khalik*, 671 F.3d at 1191; *Hall*, 935 F.2d at 1110.

Rule 8—namely, giving fair notice to State Farm of the basis for the claims against it.[39] For those reasons, Mr. West's complaint fails to satisfy the requirements of Rule 8 and, therefore, fails to state claims upon which relief can be granted.

**II.     Providing Mr. West With Leave to Amend Would Be Futile.**

Allowing Mr. West to amend his complaint would be futile because, even if the court assumes the truth of his conclusory allegations, they do not support the causes of action he appears to assert. Under an extremely liberal construction of Mr. West's complaint, he appears to assert claims against State Farm for breach of contract and breach of the covenant of good faith and fair dealing, as well as for intentional infliction of emotional distress.[40] As explained below, Mr. West's allegations cannot support any of those claims.

First, Mr. West cannot state a claim for breach of contract because he fails to allege the existence of a contract. Instead, Mr. West asserts that State Farm failed to renew his insurance contract. By admitting that there is no contract between Mr. West and State Farm, Mr. West has not alleged one of the required elements for a breach of contract claim.[41] Further, without a claim for breach of contract, Mr. West cannot state a claim for breach of the covenant of good faith and fair dealing.[42]

---

[39] *Twombly*, 550 U.S. at 555; *Monument Builders*, 891 F.2d at 1480.

[40] As stated above, Mr. West's complaint also makes passing references to his alleged disability. However, Mr. West fails to allege that any of State Farm's actions were in any way related to his disability. Thus, the court declines to construe Mr. West's complaint as asserting any disability-related claims.

[41] *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224 (providing that one of the elements for a prima facie claim for breach of contract is "a contract").

[42] *Id.* at ¶ 19 ("A claim for breach of the covenant of good faith and fair dealing is a derivative of the breach of contract claim. Because [the plaintiff] did not allege the existence of facts required

Second, Mr. West fails to state a claim for intentional infliction of emotional distress because his allegations cannot satisfy one of the required elements for such a claim, which is that State Farm's actions were "outrageous and intolerable in that they offend against the generally accepted standards of decency and morality."[43] As stated above, Mr. West alleges that State Farm's actions made him "very upset," "put [him] in a lot of emotion," "hurt [his] feelings," were "very frustrating," and made him feel "wronged deeply."[44] He further alleges that a State Farm agent and a State Farm underwriter were "disrespectful" and "rude."[45] Even assuming the truth of those allegations, they fall well short of satisfying the above-referenced element for a claim for intentional infliction of emotional distress.[46]

Because Mr. West's allegations cannot support the claims he appears to assert, it would be futile to provide him with an opportunity to amend his complaint. Therefore, State Farm's motion to dismiss should be granted, and this case should be dismissed with prejudice.

---

to plead a breach of contract, it has also failed to plead a breach of the covenant of good faith and fair dealing.").

[43] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 58, 70 P.3d 17 (quotations and citations omitted).

[44] ECF No. 3-1 at 12, 14-15 of 17.

[45] *Id*. at 15 of 17.

[46] *Bennett*, 2003 UT 9 at ¶ 64 ("To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair. Conduct is not necessarily outrageous merely because it is tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal. The liability [for intentional infliction of emotional distress] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (alteration in original) (quotations and citations omitted)).

**RECOMMENDATION**

Based upon the foregoing, the court HEREBY RECOMMENDS that State Farm's motion to dismiss[47] be GRANTED and that this case be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[48] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[49] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[47] ECF No. 4.

[48] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[49] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).