IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER HARRISON WEST,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:23-cv-00048-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Alexander Harrison West filed initiated this action against Defendant State Farm Mutual Automobile Insurance Company (State Farm) in Utah state court on February 25, 2023.[1] In his Complaint, West alleges State Farm "wrongfully terminated [his] insurance policy," even though he "only had one accident in the time" that he was covered under the policy.[2] He states that he "find[s] it very frustrating that State Farm chose not to" renew his insurance policy and is "very upset [with] how [State Farm] handled the situation."[3] After removing the case to this court on April 20, 2023,[4] State Farm promptly moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[5]

On April 24, 2023, West's case was referred to Magistrate Judge Jared C. Bennett

---

[1] Dkt. 3-1, *Exhibit A to Notice of Removal: Complaint*.

[2] *Complaint* at 13.

[3] *Id.* at 14–15.

[4] Dkt. 3, *Notice of Removal*.

[5] *See* Dkt. 4, *State Farm's Motion to Dismiss* (citing Fed. R. Civ. P. 12(b)(6)); *see also* Dkt. 6, *West's Opposition to State Farm's Motion to Dismiss* (reemphasizing "how State Farm mistreated [him] and how they went about [] handling [his] insurance policy"); Dkt. 10, *State Farm's Reply in Support of Its Motion to Dismiss*.

pursuant to 28 U.S.C. § 636(b)(1)(B).[6]  In a Report and Recommendation issued on June 6, 2023, Judge Bennett recommended the court grant State Farm's Motion.[7]  Finding that "West's allegations cannot support the claims he appears to assert," Judge Bennett concluded "it would be futile to provide him with an opportunity to amend his complaint."[8]  Accordingly, Judge Bennett recommended dismissal of West's case with prejudice.[9]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.  When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[10]  This court reviews for clear error any report and recommendation to which no objections have been raised.[11]

At least four months have now passed since the Report was filed and the court has not received any objections from West.  Accordingly, this court reviews the Report for clear error.  Having carefully considered the Report, the court finds no clear error.  While "dismissal of a pro se complaint for failure to state a claim" is generally disfavored, it is appropriate where, as here, "granting leave to amend would be futile."[12]  Therefore, the court ADOPTS the Report in full.

---

[6] Dkt. 8, *Minute Entry Modifying Referral*.

[7] *See* Dkt. 14, *Report and Recommendation* at 6–8.

[8] *Id.* at 8.

[9] *Id.*

[10] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[11]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[12] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

For the reasons set forth in the Report, West's Complaint is DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted.[13] The Clerk of Court is directed to close this case.

      SO ORDERED this 10th day of October, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[13] *See* Dkt. 14.